**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
CONNIE Y. TCHENG (SBN 228171)
ctcheng@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: 310.557.9100
Fax: 310.557.9101

Attorneys for Defendant,
CAPITAL ONE BANK (USA), N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CHEVALIER, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA) N.A., and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No.<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 (FEDERAL QUESTION) AND 28 U.S.C. § 1367 (a) (SUPPLEMENTAL JURISDICTION)**<br><br>[Riverside County Superior Court Case No. RIC 1717952]<br><br>Complaint Filed: Sep. 21, 2017 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant Capital One Bank (USA), N.A. ("Capital One"), hereby invokes this Court's jurisdiction under the provision of 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b).

**A.   JURISDICTION**

1.   Capital One specifically alleges that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and § 1331 because Plaintiff Victor Chevalier ("Plaintiff") alleges a cause of action arising under the federal Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227, *et seq*. Further, the Court has supplemental jurisdiction over the state law cause of action alleged in the Complaint pursuant to 28 U.S.C. § 1367(a).

**B.   STATEMENT OF THE CASE**

2.   On September 21, 2017, Plaintiff filed a Complaint and Jury Demand ("Complaint") in the Superior Court, Riverside County, State of California, designated as Case No. RIC 1717952 (the "Action").  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Capital One in the Action are attached hereto as *Exhibit A*.

3.   Plaintiff asserts three (3) causes of action in his Complaint against Capital One. Those causes of action include: (1) Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), codified at Cal. Civ. Code § 1788, *et seq*.; (2); violation of the TCPA; and (3) Invasion of Privacy: Intrusion Into Private Affairs.

**C.   BASIS FOR REMOVAL**

4.   This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) because Plaintiff alleges claims arising under the TCPA, which is a law of the United States.

DEFENDANT CAPITAL ONE BANK (USA), N.A.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 (FEDERAL QUESTION) AND 28 U.S.C. § 1367 (a) (SUPPLEMENTAL JURISDICTION)

5.       Specifically, for example, Plaintiff's Complaint alleges that Capital One used an "automatic telephone dialing system" to place calls to Plaintiff's cellular telephone in violation of the TCPA.  Compl., ¶¶ 9-10, 14.  Therefore, adjudication of Plaintiff's Complaint requires an analysis and construction of federal law, and this Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and § 1331 because this Court would have had original jurisdiction founded on Plaintiff's claim arising under the TCPA.

6.       Additionally, this Court has supplemental jurisdiction over the remaining state law claim, because it "form[s] part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together.  See, e.g., *Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F. 3d 923, 925 (9th Cir. 2003).  The facts related to Plaintiff's state law claim under the RFDCPA are intertwined with and based upon his allegations of wrongdoing under the federal TCPA claim in that both claims are based on allegedly unlawful calls by Capital One to Plaintiff. The Court should therefore extend supplemental jurisdiction over Plaintiff's state law claim.

**C.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

7.       Removal of this action is timely. Capital One was served with a copy of the Summons and Complaint in this action on October 16, 2017.  Therefore, this Notice of Removal is "filed within thirty [30] days after receipt by the defendant…of a copy of [Plaintiff's Summons and Complaint]" in accordance with the time period mandated by 28 U.S.C. § 1446(b).

8.       Capital One is the only named Defendant in the action and therefore no consent of additional parties is required.

9.       Venue lies in the United States District Court for the Central District of

1 California pursuant to 28 U.S.C. § 1441(a) because the Action was filed in this
2 District.
3     10. As stated above, pursuant to 28 U.S.C. § 1446(a), a true and correct copy
4 of all process, pleadings and orders received by Capital One from Plaintiff in this
5 Action are attached hereto as *Exhibit A*.
6     11. Written notice of the filing of this Notice of Removal will be promptly
7 served upon Plaintiff. Capital One will also promptly file a copy of this Notice with
8 the Clerk of the Superior Court of California, County of Riverside.
9     **WHEREFORE** Capital One prays that the above Action now pending against
10 it in the Superior Court of the State of California, County of Riverside, be removed
11 therefrom to this Court.

DATED: November 15, 2017

**DOLL AMIR & ELEY LLP**

By: */s/ Connie Y. Tcheng*
HUNTER R. ELEY
CONNIE Y. TCHENG
Attorneys for Defendant,
CAPITAL ONE BANK (USA), N.A.

DOLL AMIR & ELEY LLP

DEFENDANT CAPITAL ONE BANK (USA), N.A.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 (FEDERAL QUESTION) AND 28 U.S.C. § 1367 (a) (SUPPLEMENTAL JURISDICTION)