# **EXHIBIT A**

RECEIVED
OCT 19 2017
LEGAL DEPT
RICHMOND VA

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
SEP 21 2017
SIRACUSA

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
CAPITAL ONE BANK (USA) N.A, and DOES 1 through 10 inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VICTOR CHEVALIER, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
Riverside County- Historic Courthouse
4050 Main Street, Riverside, CA 92501

CASE NUMBER:
*(Número del Caso):* RIC 1717952

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeremy S. Golden, 3130 Bonita Road, Suite 200B, Chula Vista, CA 91910. Phone: 619-476-0030

DATE: SEP 21 2017 Clerk, by Siracusa, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: CAPITAL ONE BANK (USA) N.A.

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

COPY



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF DEPARTMENT ASSIGNMENT FOR ALL PURPOSES

CHEVALIER VS CAPITAL ONE BANK (USA) NA

CASE NO. RIC1717952

This case is assigned to the Honorable Judge John W Vineyard in Department 07 for all purposes.
The Case Management Conference is scheduled for 03/20/18 at 8:30 in Department

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section. The court follows California Rules of Court, Rule 3.1308(a) (1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the Internet by 3:00 pm on the court day immediately before the hearing at <http://www.riverside.courts.ca.gov/tentativerulings.shtml>. If you do not have internet access, you may obtain the tentative ruling by telephone at (760)904-5722.

To request oral argument, not later than 4:30 pm on the court day before the hearing you must (1) notify the judicial secretary at (760)904-5722 and (2) inform all other parties. If no request for oral argument is made by 4:30 pm, the tentative ruling will become the final ruling on the matter effective the date of the hearing.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 09/26/17

by: ______________________________
ILZE SIRACUSA, Deputy Clerk

cdacmc
6/30/17

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)
Jeremy S. Golden SBN 228007; Cory M. Teed SBN 299780
Golden & Cardona-Loya LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910

TELEPHONE NO: 619-476-0030 FAX NO. (Optional): 775-898-5471
E-MAIL ADDRESS (Optional): Jeremy@goldencardona.com
ATTORNEY FOR (Name): Plaintiff Victor Chevalier

FOR COURT USE ONLY
FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
SEP 21 2017
I. SIRACUSA

PLAINTIFF/PETITIONER: Victor Chevalier

DEFENDANT/RESPONDENT: Capital One Bank (USA) N.A.

CASE NUMBER: RIC 1717952

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92584

☐ The action concerns real property located in the zip code of: ____________

☐ The Defendant resides in the zip code of: ____________

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 9/15/2017

Cory M. Teed
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ [signature]
(SIGNATURE)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jeremy S. Golden (SBN 228007); Cory M. Teed (SBN 299780)<br>Golden & Cardona-Loya LLP<br>3130 Bonita Road, Suite 200B<br>Chula Vista, CA 91910<br>TELEPHONE NO.: 619-476-0030 FAX NO.: 775-898-5471<br>ATTORNEY FOR (Name): Plaintiff Victor Chevalier | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Riverside, CA 92501<br>BRANCH NAME: Riverside Historic Courthouse | |
| CASE NAME:<br>Chevalier v. Capital One Bank (USA) N.A., et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RIC 1717952 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [✓] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (specify): Violations of 1) Rosenthal Act 2) TCPA and 3) Invasion of Privacy
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 9/15/2017
Cory M. Teed
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
SEP 21 2017
I. SIRACUSA

SUPERIOR COURT FOR THE STATE OF CALIFORNIA
COUNTY OF RIVERSIDE

| | |
|---|---|
| VICTOR CHEVALIER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA) N.A, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: RIC 1717952<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for: violations of the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and for violation of the Telephone Consumer Protection Act ("TCPA") which places restrictions on the use of automated telephone equipment; and for invasion of privacy.

//

## II. PARTIES

2. Plaintiff VICTOR CHEVALIER is a natural person residing in Riverside County, California.

3. Defendant CAPITAL ONE BANK (USA) N.A. ("CAPITAL ONE") at all times relevant was a corporation doing business of collecting debts in Riverside County, California operating from an address at 1680 Capital One Drive, McLean, VA 22102.

4. Defendant is regularly engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the Rosenthal Act, California Civil Code §1788.2(c).

5. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

6. Plaintiff is an alleged "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

7. The purported Debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## III. FACTUAL ALLEGATIONS

8. Plaintiff did not have a credit card with Defendant but Defendant repeatedly contacted him in an effort to collect a debt.

9. Defendant called Plaintiff's cell phone in an attempt to collect the debt using an automated telephone dialing system and/or a pre-recorded or artificial voice to deliver a message.

10. Defendant called Plaintiff more than once on a single day. Defendant called and left several identical pre-recorded messages on Plaintiff's cell phone.

11. On more than one occasion, Defendant called Plaintiff on consecutive days and approximately every day of the week.

12. Plaintiff requested the calls to stop.

13. Despite Plaintiff's request to cease all communication, Defendant ignored Plaintiff's cease and desist request and continued to call.

14. Based on information and belief, Defendant used an automated dialing system to contact Plaintiff.

15. At times, some of Defendant's calls would begin with a pre-recorded voice message.

16. The amount and frequency of the calls rose to the level of harassment.

17. As a result of the acts alleged above, Plaintiff suffered emotional distress.

## IV. FIRST CAUSE OF ACTION

**(Against all Defendants for Violation of the Rosenthal Act)**

18. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

19. Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

(b) Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

(c) Defendants violated California Civil Code §1788.17 by failing to comply

with 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

(d) Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

(e) Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

(f) Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. §1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

20. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the Debt.

21. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

22. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## V. SECOND CAUSE OF ACTION

### (Against all Defendants for Violation of the TCPA)

23. Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

24. Defendants improperly invaded the privacy rights of Plaintiff and violated the TCPA by the above-described actions. Defendants' violations include, but are not limited to, the following:

(a) By repeatedly making calls, and by transmitting prerecorded or artificial messages, to the Plaintiff's cell phone using an automated telephone system without Plaintiff's express consent, Defendant engaged in conduct which violated 47 U.S.C. §227(b)(1)(A)(iii).

25. As a result of the above violations of the TCPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendants conduct violated the TCPA, Plaintiff's actual damages, statutory damages of $500 for each call, and up to three times statutory damages for willful and knowing violations pursuant to 47 U.S.C. §227(b)(3).

**VI. THIRD CAUSE OF ACTION**

**(Against all Defendants for Invasion of Privacy: Intrusion Into Private Affairs)**

26. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

27. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs.

28. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion, and private affairs by repeatedly and unlawfully attempting to collect a debt.

29. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

30. As a result of such invasions of privacy, Plaintiff was harmed and caused emotional distress.

31. Defendants acted with oppression and/or malice. Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to California Civil Code §1788.30(b);

(c) Statutory damages of $500 per telephone call and additional $1,000 per call, pursuant to 47 U.S.C. §227(b)(3);

(d) Costs and reasonable attorney's fees pursuant to California Civil Code §§1788.30(c);

(e) Punitive damages; and

(f) For such other and further relief as the Court may deem just and proper.

Date: 9/15/17

Jeremy S. Golden
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: 9/15/17

Jeremy S. Golden
Attorney for Plaintiff